UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

MARIA MENDEZ                                                      COMPLAINT

                                        Plaintiff,               JURY DEMAND

              -against-

THE CITY OF NEW YORK; FILASTIN SROUR, as Lieutenant,
115 Squad; TANYA S. BENNETT, as Lieutenant, 32nd Precinct;
JULIO E. CALLE, as Lieutenant, Forensic Investigations Division;
WILSON O. RAMOS, as Sergeant, 32nd Precinct; DANIEL M.
MILLER, as Sergeant, 32nd Precinct; ALFRED J. GALLICCHIO, as
Sergeant, 32nd Precinct; ASA G. BARNES, as Sergeant, Strategic
Response Group No.: 2 – Bronx; RYAN A. MARRERO, as Police
Officer, CRC Canine Unit; PETER G. MONTALBANO, as Police
Officer, 32nd Precinct; RISEL V. MARTINEZ, as Police Officer,
Community Affairs Bureau; MICHAEL J. GANZ, as Detective Third
Grade, 75 Squad JIMMY D. GUTIERRES, as Police Officer, 32nd
Precinct; and EVAN R. SANTANA, as Firefighter, Engine 21, each
sued individually and in their official capacities as employees of
Defendant THE CITY OF NEW YORK

                                        Defendants

-------------------------------------------------------------------------------x

        The Plaintiff MARIA MENDEZ through her attorney THE SANDERS FIRM, P.C., files

this federal complaint against Defendants' THE CITY OF NEW YORK; FILASTIN SROUR;

JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER;

ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G.

MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and

EVAN R. SANTANA.

## INTRODUCTION

        This is a federal civil rights action about institutional failures within the police and fire

departments that resulted in Plaintiff MARIA MENDEZ subjected to repeated acts of sexual

violence and mental abuse on and off duty by Defendants' THE CITY OF NEW YORK;

FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS;

DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO;

PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D.

GUTIERRES; and EVAN R. SANTANA.

Plaintiff MARIA MENDEZ alleges that from Late 2014 through January 28, 2019, while

on and off duty, Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D.

GUTIERRES; and EVAN R. SANTANA forced her to ingest copious amounts of opioids,

Methylenedioxymethamphetamine (MDMA) aka ecstasy or molly and alcohol, physically assault

and menace her, then forcibly rape and sodomize her.

Throughout this time period, Plaintiff MARIA MENDEZ sustained numerous contusions

and lacerations about her body including but not limited to her head, physical deformities to her

vagina and anus requiring surgical repair.

Throughout this time period, Plaintiff MARIA MENDEZ suffered 'egregious' emotional

distress.

Throughout this time period, Defendants' THE CITY OF NEW YORK; FILASTIN

SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M.

MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES and others were aware that Plaintiff

MARIA MENDEZ was subjected to repeated acts of sexual violence and mental abuse on and

off duty but, failed to intervene.

Based upon the conduct of Defendants' THE CITY OF NEW YORK; FILASTIN

SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M.

MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G.

MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and

EVAN R. SANTANA and others, she feared losing her life.

Feeling that she had no other viable avenue of support, on January 28, 2019, Plaintiff MARIA MENDEZ resigned from the Police Department City of New York leaving a lucrative career with promotional opportunities, medical and retirement benefits.

Plaintiff MARIA MENDEZ alleges that on or about March 2019, she attempted suicide and had to be admitted to an area hospital in response to the sexual violence and mental abuse she endured as a police officer at the hands of Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA and others.

Plaintiff MARIA MENDEZ alleges that in January 2020, she received a medical diagnosis regarding her persistent vaginal and anal pain and incontinence.

Plaintiff MARIA MENDEZ alleges that on or about March 19, 2020, she filed an application for social security benefits with the Social Security Administration.

Plaintiff MARIA MENDEZ alleges that all of her claims related to the sexual violence and mental abuse she endured as a police officer at the hands of Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA and others.

Plaintiff MARIA MENDEZ alleges that on or about March 2, 2021, she had her bladder, vagina and anus surgically repaired due to the sexual assaults of Defendants' RYAN A.

MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA.

Plaintiff MARIA MENDEZ alleges that on or about March 26, 2021, she received a Fully Favorable Decision.

Plaintiff MARIA MENDEZ alleges that the Agency determined among other things that:

> The claimant has the following severe impairments: labral tear and impingement syndrome of the left shoulder, degenerative disc disease of the lumbar spine and radiculopathy per EMG, anxiety disorder, depressive disorder, and posttraumatic stress disorder, hereinafter "PTSD" (20 CFR 404.1520(c).

Plaintiff MARIA MENDEZ alleges that to this day, she's still recovering from the sexual violence and mental abuse she endured as a police officer at the hands of Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA and others.

## JURISDICTION AND VENUE

1.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

      a.      Title VII of the Civil Rights Act of 1964;

      b.      the Civil Rights Act of 1871, 42 U.S.C. § 1983;

      c.      New York State Executive Law § 296;

      d.      New York City Administrative Code § 8-107;

      e.      New York City Administrative Code § 8-901; and

      f.      New York Civil Practice Law and Rules § 213-c

2.      The unlawful sexual violence and mental abuse she endured were committed within the Eastern and Southern Districts of New York.

## PROCEDURAL REQUIREMENTS

3.      Plaintiff MARIA MENDEZ alleges that on or about June 25, 2019, she filed a

Charge of Discrimination with the United States Equal Employment Opportunity Commission,

Charge No.: 520-2019-04472.

4.      Plaintiff MARIA MENDEZ alleges that on or about April 29, 2021, she received a

Notice of Right to Sue from the United States Department of Justice.

5.      Plaintiff MARIA MENDEZ has filed suit with this Court within the applicable

statute of limitations period.

6.      Plaintiff MARIA MENDEZ is not required to exhaust any administrative procedures

prior to suit under the Civil Rights Act of 1871.

## PLAINTIFF MARIA MENDEZ

7.      Plaintiff MARIA MENDEZ is a female citizen, over twenty-one (21) and former

employee of Defendant THE CITY OF NEW YORK.

## DEFENDANTS'

8.      Defendant THE CITY OF NEW YORK is a municipal corporation and at all

relevant times was Plaintiff MARIA MENDEZ's employer, with its central offices in the county of

New York.

9.      Defendant FILASTIN SROUR, as Lieutenant, 115 Squad, formerly assigned to the

32nd Precinct.

10.      Defendant JULIO E. CALLE, as Lieutenant, Forensic Investigation Division,

formerly assigned to the 32nd Precinct.

11.      Defendant TANYA S. BENNETT, as Lieutenant, 32nd Precinct.

12.      Defendant WILSON O. RAMOS, as Sergeant, 32nd Precinct.

13.     Defendant DANIEL M. MILLER, as Sergeant, 32nd Precinct

14.     Defendant ALFRED J. GALLICCHIO, as Sergeant, 32nd Precinct

15.     Defendant ASA G. BARNES, as Sergeant, Strategic Response Group No.: 2 –
Bronx, formerly assigned to the 32nd Precinct.

16.     Defendant RYAN A. MARRERO, as Police Officer, CRC Canine Unit, formerly
assigned to the 32nd Precinct.

17.     Defendant PETER G. MONTALBANO, as Police Officer, 32nd Precinct.

18.     Defendant RISEL V. MARTINEZ, as Police Officer, Community Affairs Bureau,
formerly assigned to the 32nd Precinct.

19.     Defendant JIMMY D. GUTIERRES, as Police Officer, 32nd Precinct.

20.     Defendant MICHAEL J. GANZ, as Detective Third Grade, 75 Squad, formerly
assigned to the 32nd Precinct.

21.     Defendant EVAN R. SANTANA, as Firefighter, Engine 21, formerly assigned as an
Emergency Medical Technician, Station No.: 16.

## BACKGROUND

22.     Plaintiff MARIA MENDEZ is a former police officer for the Police Department
City of New York.

23.     Prior to Plaintiff MARIA MENDEZ'S resignation on January 28, 2019, she was
assigned to the 32nd Precinct.

24.     Plaintiff MARIA MENDEZ alleges that during the pre-employment hiring
process for Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT;
WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES;
RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J.

GANZ and JIMMY D. GUTIERRES, the NYPD Candidate Assessment Division disregarded their background information that tended to support they would engage, participate and/or condone sexual violence and mental abuse of she and other females but, certified them for hire anyway as probationary police officers.

25.     Plaintiff MARIA MENDEZ alleges that during the pre-employment hiring process for Defendant EVAN R. SANTANA, the FDNY Candidate Investigation Division disregarded his background information that tended to support he would engage, participate and/or condone sexual violence and mental abuse of she and other females but, certified him for hire anyway as an emergency medical technician.

26.     Plaintiff MARIA MENDEZ alleges that during the completion of the initial in-service training at the NYPD Police Academy for Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ and JIMMY D. GUTIERRES, instructors disregarded training indicators that tended to support they would engage, participate and/or condone sexual violence and mental abuse of she and other females but, certified them for graduation anyway.

27.     Plaintiff MARIA MENDEZ alleges that during the completion of the initial in-service training at the FDNY Fire Academy for Defendant EVAN R. SANTANA, instructors disregarded training indicators that tended to support he would engage, participate and/or condone sexual violence and mental abuse of she and other females but, certified him for graduation anyway.

28.     Plaintiff MARIA MENDEZ alleges that during the completion of the

probationary period for Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S.

BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA

G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ;

MICHAEL J. GANZ and JIMMY D. GUTIERRES, police supervisors along with the Risk

Management Bureau disregarded performance indicators that tended to support they would

engage, participate and/or condone sexual violence and mental abuse of she and other females

but, certified them for the completion of probation, permanently appointing them as police

officers.

29.     Plaintiff MARIA MENDEZ alleges that during the completion of the

probationary period for Defendant EVAN R. SANTANA, fire supervisors disregarded

performance indicators that tended to support he would engage, participate and/or condone

sexual violence and mental abuse of she and other females but, certified him for the completion

of probation, permanently appointing him as an emergency medical technician.

30.     Plaintiff MARIA MENDEZ alleges that during the pre-certification for the

Promotion to Lieutenant for Defendants' FILASTIN SROUR; JULIO E. CALLE and TANYA S.

BENNETT, police supervisors along with the Risk Management Bureau disregarded

performance indicators that tended to support they would engage, participate and/or condone

sexual violence and mental abuse of she and other females but, certified them for promotion

anyway.

31.     Plaintiff MARIA MENDEZ alleges that during the pre-certification for the

Promotion to Sergeant for Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S.

BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO and

ASA G. BARNES, police supervisors along with the Risk Management Bureau disregarded

performance indicators that tended to support they would engage, participate and/or condone sexual violence and mental abuse of she and other females but, certified them for promotion anyway.

32.     Plaintiff MARIA MENDEZ alleges that during the pre-certification for the Promotion to Detective Third Grade for Defendant MICHAEL J. GANZ, police supervisors along with the Risk Management Bureau disregarded performance indicators that tended to support they would engage, participate and/or condone sexual violence and mental abuse of she and other females but, certified him for promotion anyway.

33.     Plaintiff MARIA MENDEZ alleges that during the completion of the probationary period for Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES and MICHAEL J. GANZ, police supervisors along with the Risk Management Bureau disregarded performance indicators that tended to support they would engage, participate and/or condone sexual violence and mental abuse of she and other females but, certified them for the completion of probation, permanently appointing them as lieutenants, sergeants and detective third grade.

34.     Plaintiff MARIA MENDEZ alleges that during the pre-certification for the Promotion to Firefighter for Defendant EVAN R. SANTANA, fire supervisors disregarded performance indicators that tended to support he would engage, participate and/or condone sexual violence and mental abuse of she and other females but, certified him for promotion anyway.

35.     Plaintiff MARIA MENDEZ alleges that during the completion of the probationary period for Defendant EVAN R. SANTANA, fire supervisors disregarded

performance indicators that tended to support he would engage, participate and/or condone sexual violence and mental abuse of she and other females but, certified him for the completion of probation, permanently appointing him as firefighter.

36. Plaintiff MARIA MENDEZ alleges that Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ and JIMMY D. GUTIERRES received inadequate training that increased the likelihood that they would engage, participate and/or condone sexual violence and mental abuse of she and other females but, certified them anyway.

37. Plaintiff MARIA MENDEZ alleges that Defendant EVAN R. SANTANA received inadequate training that increased the likelihood that he would engage, participate and/or condone sexual violence and mental abuse of she and other females but, certified him anyway.

38. Plaintiff MARIA MENDEZ alleges that Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ and JIMMY D. GUTIERRES received inadequate supervision that increased the likelihood that they would engage, participate and/or condone sexual violence and mental abuse of she and other females.

39. Plaintiff MARIA MENDEZ alleges that Defendant EVAN R. SANTANA received inadequate supervision that increased the likelihood that he would engage, participate and/or condone sexual violence and mental abuse of she and other females.

40. Plaintiff MARIA MENDEZ alleges that Defendants' FILASTIN SROUR; JULIO

E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J.

GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO;

RISEL V. MARTINEZ; MICHAEL J. GANZ and JIMMY D. GUTIERRES received inadequate

discipline that increased the likelihood that they would engage, participate and/or condone sexual

violence and mental abuse of she and other females.

41.     Plaintiff MARIA MENDEZ alleges that Defendant EVAN R. SANTANA

received inadequate discipline that increased the likelihood that he would engage, participate

and/or condone sexual violence and mental abuse of she and other females.

42.     Plaintiff alleges that the "boorish" undisciplined culture of the NYPD increases

the likelihood that employees would engage, participate and/or condone sexual violence and

mental abuse of she and other females.

43.     Plaintiff alleges that the "boorish" undisciplined culture of the FDNY increases

the likelihood that employees would engage, participate and/or condone sexual violence and

mental abuse of she and other females.

**Defendant RYAN A. MARRERO'S Sexual Violence and Mental Abuse [2014 – 2019],
Defendants' PETER G. MONTALBANO and RISEL V. MARTINEZ'S Failure to
Intervene [Incidents Occurred On and Off Duty Throughout the Greater New York Area]**

44.     Plaintiff MARIA MENDEZ alleges that in or around June 2014, she returned to

the 32nd Precinct after maternity leave.

45.     Plaintiff MARIA MENDEZ alleges that upon her return sometime after July

2014, while assigned to work with Defendant RYAN A. MARRERO each tour she would take

Tylenols or Advil's' to alleviate her abdominal and severe back pains related to the recent

pregnancy.

46.     Plaintiff MARIA MENDEZ alleges that one day while patrolling, Defendant

RYAN A. MARRERO reached into his pocket and retrieved a plain bottle, handing her two yellowish colored pills to alleviate her abdominal and severe back pains.

47.     Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO never disclosed the type of medication to her other than it would alleviate the pain.

48.     Plaintiff MARIA MENDEZ alleges that trusting Defendant RYAN A. MARRERO, she ingested the two yellowish colored pills.

49.     Plaintiff MARIA MENDEZ alleges that after ingesting the two yellowish colored pills, Defendant RYAN A. MARRERO disclosed they were oxycodone.

50.     Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO told her not to worry because he had a friend that can write a phony prescription for her.

51.     Plaintiff MARIA MENDEZ alleges that she was infuriated with Defendant RYAN A. MARRERO and threatened to report him to the NYPD Internal Affairs Bureau.

52.     Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO told her that he'd just lie and she would get in trouble.

53.     Plaintiff MARIA MENDEZ alleges that this began her nightmare cycle of sexual violence and mental abuse.

54.     Over the next few months, while assigned to work with Defendant RYAN A. MARRERO, he subjected her to sexual violence and mental abuse including but not limited to offensive sexual comments, physical contact (rubbing his penis on her, push himself against her, rubbing her inner thighs), forcing her to purchase his lunch, forcing her to work his overtime on her days off and forcing her take nude pictures (inside of the 32nd Precinct and other locations) of herself and share them with him.

55.     Plaintiff MARIA MENDEZ alleges that the months of daily sexual violence and

mental abuse led to her being raped and sodomized by Defendant RYAN A. MARRERO.

56.    Plaintiff MARIA MENDEZ alleges that in December 2014, Defendant RYAN A. MARRERO told her she had to attend the 32nd Precinct Christmas Party with him otherwise, he was going to tell her husband about the oxycodone and nude pictures.

57.    Plaintiff MARIA MENDEZ alleges that feeling she had no choice she reluctantly rode in Defendant RYAN A. MARRERO'S personal vehicle along with Defendant PETER G. MONTALBANO and Police Officer Myra Sanchez to an event location somewhere in Westchester County.

58.    Plaintiff alleges that during the event, Defendant RYAN A. MARRERO ply her with oxycodone and alcohol.

59.    Plaintiff MARIA MENDEZ alleges that while leaving the party, Police Officer Sanchez left to go to another location so she had to ride alone with Defendants' RYAN A. MARRERO and PETER G. MONTALBANO.

60.    Plaintiff MARIA MENDEZ alleges that sometime later that evening, she along with Defendants' RYAN A. MARRERO and PETER G. MONTALBANO arrived near the 32nd Precinct parking area.

61.    Plaintiff MARIA MENDEZ alleges that shortly thereafter, Defendant PETER G. MONTALBANO left the vehicle.

62.    Plaintiff MARIA MENDEZ alleges that shortly thereafter, Defendant RYAN A. MARRERO then grabbed her by throat and placed a silver handgun inside of her mouth and ordered her into the back seat.

63.    Plaintiff MARIA MENDEZ alleges that helpless and unarmed, she reluctantly complied with Defendant RYAN A. MARRERO'S request.

64.     Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO then got out of his vehicle, entered the rear passenger compartment, grabbed her by the throat forcibly opening her mouth to insert more oxycodone.

65.     Plaintiff MARIA MENDEZ alleges that while feeling drowsy and physically resisting Defendant RYAN A. MARRERO, he pushed her down onto the rear seat, held her wrists, lifted her dress and forcibly placed his penis into her vagina.

66.     Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO choked her with so much force, she lost consciousness.

67.     Plaintiff MARIA MENDEZ alleges that sometime later, she awaked with Defendant RYAN A. MARRERO's penis still inside of her vagina.

68.     Plaintiff MARIA MENDEZ alleges that she begged Defendant RYAN A. MARRERO to stop but, he told her to shut the fuck up.

69.     Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO told her to stop resisting otherwise, he's going to take a picture of her and send it to her husband.

70.     Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO then removed his penis from her vagina to answer his cellular telephone.

71.     Plaintiff MARIA MENDEZ alleges that after completing his call, Defendant RYAN A. MARRERO then sent a text message presumably to Defendant PETER G. MONTALBANO.

72.     Plaintiff MARIA MENDEZ alleges that shortly thereafter, Defendant RYAN A. MARRERO told her that he contacted Defendant PETER G. MONTALBANO so he can have some fun too with a Dominican slut like her.

73.     Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO then

physically flipped her from her back onto her stomach, then forcibly placed his penis into her anus.

74.     Plaintiff MARIA MENDEZ alleges that as she cried, Defendant RYAN A. MARRERO placed his body weight on her and held her wrists to restrain her.

75.     Plaintiff MARIA MENDEZ alleges that she was in so much pain, she thought that she was bleeding.

76.     Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO then removed his penis from her anus, turned her over, forced open her mouth and placed his penis into her mouth.

77.     Plaintiff MARIA MENDEZ alleges that simultaneously, Defendant PETER G. MONTALBANO opened Defendant RYAN A. MARRERO'S rear passenger door and tried to push into the area to join him.

78.     Plaintiff MARIA MENDEZ alleges that she seized this opportunity, quickly grabbing her shoes and running into the 32nd Precinct.

79.     Plaintiff MARIA MENDEZ alleges that she ran to the female's locker room confused and in shock.

80.     Plaintiff MARIA MENDEZ alleges that she was afraid to tell a supervisor because who would believe that a trained police officer could be sexually assaulted much less by another police officer.

81.     Plaintiff MARIA MENDEZ alleges that she decided to take a shower and calm herself down.

82.     Plaintiff MARIA MENDEZ alleges that the now emboldened Defendant RYAN A. MARRERO further enhanced his reign of terror over her, sexually violating and mentally

abusing her so many times on and off duty, its incalculable.

83.    Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off duty, Defendant RYAN A. MARRERO forced her to ingest oxycodone, MDMA and alcohol, perform oral, vaginal and anal sex acts with him within the confines of the 1st, 5th, 25, 26, 30, 32, Queens North, Manhattan North and Manhattan South including department vehicles, the command (police officers lounge, female bathroom, female locker room) and on 911 assignments.

### Other Public Locations Within the Confines of the 32nd Precinct

- West 130th Street between 5th and Malcolm X. Boulevard
- West 155th Street under the Macomb's Dam Bridge
- West 134th Street between Adam Clayton Powell and Frederick Douglass Boulevards
- West 134th Street between Malcolm X. and Adam Clayton Powell Boulevards
- The parking lot in the rear of the laundromat on West 134th Street between Adam Clayton Powell and Frederick Douglass Boulevards where police officers park their personal vehicles and some vehicles seized by the department for arrest evidence, safekeeping or forfeiture
- West 129th Street between 5th and Park Avenues in his personal vehicle
- West 127th Street between 5th and Park Avenues in his personal vehicle
- West 127th Street along the West Side Highway inside his personal vehicle
- West 127th Street and St. Nicholas Terrace near the "cousin's residence
- West 124th Street between Lexington and Park Avenues

### Other Public Locations Within the Confines of the 1st and 5th Precincts

- Multiple locations in and around 100 Centre Street

- Along the FDR Drive in lower Manhattan near NYPD Headquarters

84.     Plaintiff MARIA MENDEZ alleges that from July 2014 through November 2015, while operating department vehicles, Defendant RYAN A. MARRERO forced her to ingest a mixture of oxycodone, MDMA and alcohol.

85.     Plaintiff MARIA MENDEZ alleges that from July 2014 through November 2015, on each occasion, Defendant RYAN A. MARRERO forcibly opened her mouth to ensure she ingested the oxycodone and MDMA.

86.     Plaintiff MARIA MENDEZ alleges that from July 2014 through November 2015, while on0dut, after 2000 hours or 8:00 P.M. EST, Defendant RYAN A. MARRERO would drive her in department vehicles to various secluded areas within the command including but not limited to the underside of the Macomb's Dam Bridge and the front of St. Amerose Episcopal Church 9 West 130th Street, etc., forcing her to perform oral, vaginal and anal sex acts with him.

87.     Plaintiff MARIA MENDEZ alleges that from July 2014 through November 2015, essentially every court appearance with Defendant RYAN A. MARRERO led to him forcing her to perform oral, vaginal and anal sex acts with him at various public locations near 100 Centre Street, NYPD Police Headquarters and hotels in Queens North, Manhattan North and Manhattan South.

88.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, even while off duty, Defendant RYAN A. MARRERO terrorized her, forcing her to meet with him at various locations to perform oral, vaginal and anal sex acts with him.

89.     Plaintiff MARIA MENDEZ alleges that the locations of the sexual violence and mental abuse on and off-duty can be verified using law enforcement technologies including the NYPD Domain Awareness System, License Plate Readers, EZ Pass, etc., reconciled with the

Roll Calls. These advanced technologies can establish the locations of she and her abusers'

Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY GUTIERRES and EVAN R.

SANTANA'S personal and department vehicles.

90.     Plaintiff MARIA MENDEZ alleges that from July 2014 through November 2015,

whenever she and Defendant RYAN A. MARRERO were assigned to handle a 911 assignment,

while inside of elevators or staircases he would forcibly place his hand outside of her pants on

her buttocks, labia and inner thighs.

91.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28,

2019, on and off-duty, Defendant RYAN A. MARRERO would force her to perform oral,

vaginal and anal sex acts on him.

92.     Plaintiff MARIA MENDEZ alleges that from July 2014 through November 2015,

during court tours Defendant RYAN A. MARRERO would force her to go to various hotels

located within Queens North, Manhattan North and Manhattan South.

93.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28,

2019, on and off-duty, whenever Defendant RYAN A. MARRERO forced her to a hotel in

Queens, he would cover his license plate to avoid detection of the EZ Pass System.

94.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28,

2019, on and off-duty, to avoid detection, Defendant RYAN A. MARRERO would force her to

use her identification and pay for the hotels in cash.

95.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28,

2019, unbeknownst to Defendant RYAN A. MARRERO, she eventually convinced him to allow

her to use credit cards so that she would have proof of the locations.

96.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28,

2019, on and off duty, Defendant RYAN A. MARRERO brutally punched and kicked her about the body, strangled her to loss of consciousness, caused her nosebleeds among many other injuries. At times, Defendant RYAN A. MARRERO brought the department's radiation dog to the hotel encounters, physically striking the dog in front of her as another form of intimidation.

97.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off duty, Defendant RYAN A. MARRERO incalculable times he forced his fist into her vagina and anus causing her to sustain substantial pain, bruising, contusions and other injuries. On more than one occasion, she sought medical attention.

98.     Plaintiff MARIA MENDEZ alleges that between July 2014 and November 2015, on one occasion while on patrol with Defendant RYAN A. MARRERO, when she tried to avoid swallowing the oxycodone, he removed his department issued handgun from his holster and placed it on his leg and warned her to never do that shit again.

99.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, on more than one occasion, Defendant RYAN A. MARRERO told her that he likes to have sex with unconscious females because they don't fight back.

100.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, on more than one occasion, Defendant RYAN A. MARRERO threatened to post nude pictures and sex videos of her as a Dominican whore on various pornographic websites.

101.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, on more than one occasion, Defendant RYAN A. MARRERO showed her naked pictures of teenage girls he claimed to had sex with, then try to convince her to join him.

102.     Plaintiff MARIA MENDEZ alleges that in Early 2015, Defendant RYAN A.

MARRERO punched her so hard he badly bruised her ribs, then told her to falsely report the incident as an encounter with a person while covering a crime scene.

103.    Plaintiff MARIA MENDEZ alleges that in Early 2015, she eventually sought treatment at a medical facility, failing to disclose that she sustained the injuries at the hands of Defendant RYAN A. MARRERO.

104.    Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, the sexual violence and mental abuse became a sick sporting competition between her main abusers Defendants' RYAN A. MARRERO and MICHAEL J. GANZ.

105.    Plaintiff MARIA MENDEZ alleges that from July 2014 through November 2015, on numerous occasions, while operating department vehicles Defendant RYAN A. MARRERO forced her to drive him to West 124th Street and Lexington Avenue or the front of the 32nd Precinct to meet with his "cousin" to purchase Viagra, MDMA, oxycodone and other contraband to sell.

106.    Plaintiff MARIA MENDEZ alleges that she doesn't remember the cousin's full name but, this can be verified using department databases because Defendant RYAN A. MARRERO forced her to run the name under her access code to see if he had any outstanding warrants or other police related matters.

107.    Plaintiff MARIA MENDEZ alleges that between July 2014 and November 2015, on another occasion, while assigned to handle a 911 report of a man with a gun on the roof of 2850 Adam Clayton Powell Boulevard. While on the roof investigating the job, Defendant RYAN A. MARRERO suddenly grabbed her placed his hands under the front panels of her department issued protective vest to gain leverage over her, forcing her to the edge of the roof threatening to throw her off.

108.     Plaintiff MARIA MENDEZ alleges that in December 2014, while operating a department vehicle responding to a 10-13 or officer needs assistance, Defendant RYAN A. MARRERO grabbed the steering wheel intentionally causing her to crash into a passenger vehicle at West 127th Street and 5th Avenue causing her to sustain substantial injuries.

109.     Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO caused the patrol supervisor to file a false MV104 and related documents regarding the department vehicle accident to cover-up his sexually violent conduct.

110.     Plaintiff MARIA MENDEZ alleges that on or about April 8, 2015, Defendant RYAN A. MARRERO made her purchase three tickets to the Wladimir Klitschko fight at Madison Square Garden and diamond earrings so that he can go with two of his friends.

111.     Plaintiff MARIA MENDEZ alleges that the tickets and earrings cost her more than three thousand dollars.

112.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, Defendant RYAN A. MARRERO demanded her credit card information so that he and his girlfriend Elaine Vincent could charge products from Yoli for their financial gain.

113.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, Defendant RYAN A. MARRERO forced her to loan more than thirty thousand dollars from the New York City Police Pension Fund, then transferring the monies to him.

114.     Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, Defendant RYAN A. MARRERO forced her to transfer more than three hundred thousand dollars of her personal wealth to him.

115.    Plaintiff MARIA MENDEZ alleges that between July 2014 through January 28, 2019, Defendant RYAN A. MARRERO used her personal wealth to purchase a home in Long Island.

116.    Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, Defendant RYAN A. MARRERO forced her to ask Police Officers Kristen H. Swinkunas, Rosanny E. Gomez, Stephany Owens, O'Neill, Pena, and Nunez to join them in a threesome and if they participated, then he'd leave her alone.

117.    Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, Defendant RYAN A. MARRERO forced her to join numerous dating sites using pseudonyms to get women for him to have sex with. These dating sites includes but not limited to Zoosk, Bi-cupid, Match.com, Ashley Madison, Dominican Cupid, Mingle2.com, Quick Flirt, Tinder, Plenty of Fish, Adult Friend Finder, Feeld, etc.

118.    Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, Defendant RYAN A. MARRERO forced her to search and pay for his "dates" from Backpage.

119.    Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, Defendant RYAN A. MARRERO sent her unsolicited naked pictures of himself including his penis.

120.    Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, Defendant RYAN A. MARRERO sent her unsolicited pornographic videos to her.

121.    Plaintiff MARIA MENDEZ alleges that between July 2014 and January 28, 2019, on and off-duty, if she didn't answer her personal cellphone Defendant RYAN A. MARRERO

called her department cellphone.

122.    Plaintiff MARIA MENDEZ alleges that between July 2014 and January 28, 2019, Defendant RYAN A. MARRERO made her purchase and carry a specific cellphone so he can monitor her whereabouts.

123.    Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, on and off-duty, Defendant RYAN A. MARRERO shared naked pictures and a video recording of her being sexually violated by him to police supervisors and other police officers.

124.    Plaintiff MARIA MENDEZ alleges that between July 2014 and January 28, 2019, on and off-duty, Defendant RYAN A. MARRERO used pictures of her children to make memes depicting them raped and sodomized. These despicable memes were shared with police supervisors and other police officers.

125.    Plaintiff MARIA MENDEZ alleges that from July 2014 through January 28, 2019, Defendant RYAN A. MARRERO tried to force her to go to orgy parties with him.

126.    Plaintiff MARIA MENDEZ alleges that sometime in Late 2017, Defendant RYAN A. MARRERO stole her department radio.

127.    Plaintiff MARIA MENDEZ alleges that in Summer 2017, Defendant RYAN A. MARRERO forced her to invite a female friend to Defendant RISEL V. MARTINEZ'S apartment in Queens North near Don Coqui.

128.    Plaintiff MARIA MENDEZ alleges that Defendant RISEL V. MARTINEZ wanted to have sex with her friend.

129.    Plaintiff MARIA MENDEZ alleges that while inside Defendant RISEL V. MARTINEZ'S apartment in the living room, Defendant RYAN A. MARRERO forced her to ingest a beverage prepared by Defendant RISEL V. MARTINEZ containing MDMA and

alcohol.

130.   Plaintiff MARIA MENDEZ alleges that Defendant RISEL V. MARTINEZ served the beverage to her female friend but, she didn't consume it.

131.   Plaintiff MARIA MENDEZ alleges that shortly thereafter, Defendant RYAN A. MARRERO punched her in the ribs, forcibly removed her pants, threatened to hurt she and her friend if she didn't have sex with him.

132.   Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO then forcibly placed his penis into her vagina, after a short period physically turned her over.

133.   Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO told her to ask her friend to join them and she'd better not tell her friend that he's raping her. She went to Defendant RISEL V. MARTINEZ'S bedroom where her friend was fully clothed. The friend refused the invitation.

134.   Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO then grabber her by the neck, scolding her for failing to convince her friend to join them.

135.   Plaintiff MARIA MENDEZ alleges that Defendant RYAN A. MARRERO then tossed her onto the couch face down and forcibly placed his penis into her anus.

136.   Plaintiff MARIA MENDEZ alleges that between July 2014 and January 28, 2019, on and off-duty, Defendant RYAN A. MARRERO purchased Viagra and steroids for resale as "meal or workout plans."

137.   Plaintiff MARIA MENDEZ alleges that between July 2014 and January 28, 2019, on and off-duty, Defendant RISEL V. MARTINEZ also sold "meal or workout plans."

138.   Plaintiff MARIA MENDEZ alleges that between July 2014 and January 28, 2019, on and off-duty Defendants' RYAN A. MARRERO and RISEL V. MARTINEZ sold these

"meal or workout plans" in online chatrooms and local gymnasiums.

139.    Plaintiff MARIA MENDEZ alleges that sometime in November 2015, Defendant RYAN A. MARRERO transferred to the Critical Response Command.

140.    Plaintiff MARIA MENDEZ alleges that even after Defendant RYAN A. MARRERO transferred his reign of sexual violence and mental abuse continued unabated.

141.    Plaintiff MARIA MENDEZ alleges that from November 2015 through January 28, 2019, whenever Defendant RYAN A. MARRERO was assigned to work within the confines of the 25, 26, 30 or 32, he forced her to leave work early to meet him.

142.    Plaintiff MARIA MENDEZ alleges that from November 2015 through January 28, 2019, Defendant RYAN A. MARRERO forced her to perform oral, vaginal and anal sex acts with him in department vehicles.

143.    Plaintiff MARIA MENDEZ alleges that between November 2015 through January 28, 2019, on one occasion, Defendant RYAN A. MARRERO smacked her in the face because she didn't want to pick up Viagra and Zoloft from his friend Defendant EVAN R. SANTANA.

144.    Plaintiff MARIA MENDEZ alleges that between November 2015 through January 28, 2019, Defendant RYAN A. MARRERO had her search department databases for people he did business with trafficking contraband drugs including a female whom he dated when he was younger that received shipments of contraband drugs transported through JFK and LaGuardia Airports.

145.    Plaintiff MARIA MENDEZ alleges that between November 2015 and January 28, 2019, Defendant RYAN A. MARRERO using his security clearance and his radiation dog, he helped his female friend avoid police detection.

146.     Plaintiff MARIA MENDEZ alleges that between November 2015 and January 28, 2019, Defendant RYAN A. MARRERO wanted her to assist the female with receiving drug shipments but, she refused.

**Defendant MICHAEL J. GANZ'S Sexual Violence and Mental Abuse [2016 – 2019]**
**[Incidents Occurred On and Off Duty Throughout the Greater New York Area]**

147.     Plaintiff MARIA MENDEZ alleges that sometime during Early 2016, Defendant MICHAEL J. GANZ while on duty, called her personal cellular phone after Police Officer Kristen H. Swinkunas gave it to him without her authorization.

148.     Plaintiff MARIA MENDEZ alleges that Defendant MICHAEL J. GANZ warned her that he knew something about her and if she wanted him to remain quiet, she must perform "special" favors for him.

149.     Plaintiff MARIA MENDEZ alleges that shortly thereafter, while on duty, Defendant MICHAEL J. GANZ approached her while she was seated in her personal vehicle near the 32nd Precinct.

150.     Plaintiff MARIA MENDEZ alleges that Defendant MICHAEL J. GANZ opened her front passenger door, sat inside and demanded that she perform an oral sex act on him.

151.     Plaintiff MARIA MENDEZ alleges that Defendant MICHAEL J. GANZ warned her not to report Defendant RYAN A. MARRERO'S campaign of sexual violence and mental abuse against her or the contraband drug business.

152.     Plaintiff MARIA MENDEZ alleges that Defendant MICHAEL J. GANZ told her that he knew that she was picking up contraband drugs for Defendant RYAN A. MARRERO and if she wanted him to remain quiet, she needs to perform an oral sex act upon him.

153.     Plaintiff MARIA MENDEZ alleges that Defendant MICHAEL J. GANZ then unzipped his duty pants while grabbing her head, forcing it down towards his penis.

154.    Plaintiff MARIA MENDEZ alleges that Defendant MICHAEL J. GANZ placed his penis into her mouth forcing her to perform a sex act until he ejaculated into her mouth.

155.    Plaintiff MARIA MENDEZ alleges that Defendant MICHAEL J. GANZ smacked her in the face and warned, she better not spit it out.

156.    Plaintiff MARIA MENDEZ alleges that in fear for her safety, she swallowed his semen.

157.    Plaintiff MARIA MENDEZ alleges from that from point on, whenever she and Defendant MICHAEL J. GANZ worked, he forced her perform "special" favors for him.

158.    Plaintiff MARIA MENDEZ alleges that Defendant MICHAEL J. GANZ further enhanced his reign of terror over her, sexually violating and mentally abusing her so many times on and off duty, its incalculable.

159.    Plaintiff MARIA MENDEZ alleges that from Early 2016 through January 28, 2019, while on and off duty, Defendant MICHAEL J. GANZ demanded her to send him nude pictures and videos.

160.    Plaintiff MARIA MENDEZ alleges that from Early 2016 through January 28, 2019, Defendant MICHAEL J. GANZ forced her to purchase certain underwear from Victoria's Secret and Fredrick's of Hollywood and wear them to work for him.

161.    Plaintiff MARIA MENDEZ alleges that from Early 2016 through January 28, 2019, Defendant MICHAEL J. GANZ demanded that she takes pictures inside of the 32nd Precinct to prove she was wearing underwear from Victoria's Secret or Frederick's of Hollywood.

162.    Plaintiff MARIA MENDEZ alleges that in Mid-2016, to have better access to her, Defendant MICHAEL J. GANZ convinced Executive Officer Captain Lynch to place her into the

plain-clothes Anti-Crime Unit.

163.    Plaintiff MARIA MENDEZ alleges that shortly thereafter she was assigned to the Anti-Crime Unit.

164.    Plaintiff MARIA MENDEZ alleges that whenever she worked, Defendant MICHAEL J. GANZ ensured Defendants' DANIEL M. MILLER or ASA G. BARNES assigned them to the same crime team.

165.    Plaintiff MARIA MENDEZ alleges that from Mid-2016 through January 28, 2019, while on-duty, Defendant MICHAEL J. GANZ forced her to perform oral, vaginal and anal sex acts with him and he'd video the interactions without her knowledge inside of the 32nd Precinct: Anti-Crime Office, Neighborhood Coordination Office (NCO), Special Operations Lieutenant's Office and other locations.

166.    Plaintiff MARIA MENDEZ alleges that from Mid-2016 through January 28, 2019, while on-duty, Defendant MICHAEL J. GANZ forced her to perform oral, vaginal and anal sex acts with him and he'd video the interactions without her knowledge usually during the meal periods, i.e. 2200 to 0235 or later depending upon the tour.

167.    Plaintiff MARIA MENDEZ alleges that from Mid-2016 through January 28, 2019, while on-duty, Defendant MICHAEL J. GANZ forced her to perform oral, vaginal and anal sex acts with him and he'd video the interactions without her knowledge inside of department vehicles.

168.    Plaintiff MARIA MENDEZ from Mid-2016 through January 28, 2019, while on-duty, Defendant MICHAEL J. GANZ forced her to perform oral, vaginal and anal sex acts with him and he'd video the interactions without her knowledge at various public locations within the confines of the 32nd Precinct.

**Public Locations Within the Confines of the 32nd Precinct**

- West 130th Street between 5th and Malcolm X. Boulevard

- West 132nd Street and Park Avenue

- West 132nd Street and Harlem River Drive on the pedestrian trail near the Hudson River

- West 134th Street and Edgecombe Avenue

- West 145th through 155th Street along Bradhurst Avenue

- Rear parking lot of the 32nd Precinct

- West 134th Street between Adam Clayton Powell and Frederick Douglass Boulevards

- West 134th Street between Malcolm X. and Adam Clayton Powell Boulevards

- West 133rd through West 134th Streets and St. Nicholas Avenue

- West 155th Street under the Macomb's Dam Bridge

169.    Plaintiff MARIA MENDEZ alleges from Mid-2016 through January 28, 2019, while on-duty, Defendant MICHAEL J. GANZ periodically showed her his personal cellular phone where he's part of several Group Chats created within the WhatsApp Messenger application and other media platforms.

170.    Plaintiff MARIA MENDEZ alleges that from Mid-2016 through January 28, 2019, on and off-duty, Defendant MICHAEL J. GANZ shared naked pictures and videos of her forced to perform oral, vaginal and anal sex acts with him to Defendants' FILASTIN SROUR; DANIEL M. MILLER; ALFRED J. GALLICCHIO and ASA G. BARNES, other police supervisors and police officers within the Group Chats.

**Members of the Alleged Group Chat[1]**

---

[1] According to Plaintiff MARIA MENDEZ, there are other unnamed police supervisors and police officers.

- Deputy Chief Michael P. Baker

- Captain Neil W. Zuber

- Defendant WILSON O. RAMOS

- Defendant FILASTIN SROUR

- Lieutenant Javad M. Valad

- Lieutenant, Firearms and Tactics Unit

- Defendant DANIEL M. MILLER

- Defendant ASA G. BARNES

- Sergeant Isaias Martinez

- Sergeant Daniel A. Travis

- Defendant ALFRED J. GALLICCHIO

- Sergeant Sean P. Doheny

- Lieutenant Christopher R. Zollino

- Police Officer Gregory V. Paduano

- Sergeant Ryan F. Sundblom

- Police Nairobi N. Grayson

- Sergeant Donna DeDilillo

- Detective Daniel J. Wadolowski

- Defendant RYAN A. MARRERO

- Defendant JIMMY D. GUTIERRES

171.    Plaintiff MARIA MENDEZ alleges that from Mid-2016 through January 28,

2019, while on-duty, during unlawful traffic stops of primarily Latino males he would illegally

search, seize and steal recovered contraband drugs such as Viagra, Phencyclidine (PCP), opioids,

and others for sale and personal use.

172.    Plaintiff MARIA MENDEZ alleges that from Mid-2016 through January 28, 2019, on and·off-duty, Defendant MICHAEL J. GANZ forced her to purchase dozens of sneakers for him.

173.    Plaintiff MARIA MENDEZ alleges that from Mid-2016 through January 28, 2019, on and off-duty, Defendant MICHAEL J. GANZ forced her to purchase a video surveillance system for his home.

174.    Plaintiff MARIA MENDEZ alleges that in December 2017, Defendant MICHAEL J. GANZ forced her to purchase a Nintendo game console for his minor child.

**Defendant JIMMY D. GUTIERRES'S Sexual Violence and Mental Abuse [2015 – 2019]**
**[Incidents Occurred On and Off Duty Throughout the Greater New York Area]**

175.    Plaintiff MARIA MENDEZ alleges that from January 7, 2015 through January 28, 2019, while on and off duty, after seeing the naked pictures and videos of her performing oral, vaginal and anal sex acts upon Defendants' RYAN A. MARRERO and MICHAEL J. GANZ, he demanded her perform similar acts upon him.

176.    Plaintiff MARIA MENDEZ alleges that in Mid-January 2019, Defendant RYAN A. MARRERO forced her to attended a stripper party hosted by Defendant JIMMY D. GUTIERRES and his so-called "cousin."

177.    Plaintiff MARIA MENDEZ alleges that Defendant JIMMY D. GUTIERRES'S so-called "cousin" traffic contraband drugs throughout the East Coast states of Connecticut, New Jersey, Delaware, Pennsylvania, Ohio, North Carolina and Florida.

178.    Plaintiff MARIA MENDEZ that throughout the night, Defendants' RYAN A. MARRERO and JIMMY D. GUTIERRES forced her to drink alcoholic beverages laced with MDMA.

179.    Plaintiff MARIA MENDEZ alleges after a period of time she entered her passenger vehicle to leave, Defendant JIMMY D. GUTIERRES forced open her passenger door.

180.    Plaintiff MARIA MENDEZ alleges that Defendant JIMMY D. GUTIERRES told her that Defendant MICHAEL J. GANZ shared naked pictures and videos of her performing oral, vaginal and anal sex acts upon him and he wanted some too.

181.    Plaintiff MARIA MENDEZ alleges that Defendant JIMMY D. GUTIERRES then grabbed her by the shirt near her neck area, pulled her over to the front passenger's seat, removed her pants, and forced his penis inside of her vagina having her perform a sex act until he ejaculated inside of her.

182.    Plaintiff MARIA MENDEZ alleges that Defendant JIMMY D. GUTIERRES then laughed, pushing her off and exited her vehicle.

### Defendant EVAN R. SANTANA'S Sexual Violence and Mental Abuse [2016 – 2019] [Incidents Occurred On and Off Duty Throughout the Greater New York Area]

183.    Plaintiff MARIA MENDEZ alleges that from October 2016 through January 28, 2019, Defendant RYAN A. MARRERO forced her to pick up opioids and other contraband drugs from his friend Defendant EVAN R. SANATANA.

184.    Plaintiff MARIA MENDEZ alleges that from October 2016 through January 28, 2019, Defendant EVAN R. SANTANA'S drug peddling enterprise was supported by other EMS personnel that supplied him with opioids and other contraband stolen from the homes of deceased persons.

185.    Plaintiff MARIA MENDEZ alleges that in Winter 2017, while on-duty, Defendant RYAN A. MARRERO punched her about the head and body causing her ear to bleed, then ordered her to go to Defendant EVAN R. SANTANA'S EMS Station No.: 16 to pick up opioids and other contraband drugs for him.

186.    Plaintiff MARIA MENDEZ alleges that upon arrival, Defendant EVAN R. SANTANA entered the rear passenger area of her vehicle, grabbed her by the back of her neck, pulling her down towards his penis demanding she perform an oral sex act.

187.    Plaintiff MARIA MENDEZ alleges that after she refused, Defendant EVAN R. SANTANA slammed her head into the rear door pillar, threw her onto the rear passenger seat. She sustained a laceration to her forehead.

188.    Plaintiff MARIA MENDEZ alleges that Defendant EVAN R. SANTANA removed her pants and forced his penis into her vagina, performing a sex act until he ejaculated into her vagina.

189.    Plaintiff MARIA MENDEZ alleges that Defendant EVAN R. SANTANA then threw the opioids and other contraband drugs on the rear seat and told her, next time have the money.

190.    Plaintiff MARIA MENDEZ alleges that from October 2016 through January 28, 2019, Defendant EVAN R. SANTANA sold opioids and other contraband including Viagra and Zoloft to Defendant RYAN A. MARRERO through her.

191.    Plaintiff MARIA MENDEZ alleges that in Summer 2017, in Queens, Defendant EVAN R. SANTANA grabbed her by the back of her neck, pulling her down towards his penis demanding she perform an oral sex act.

192.    Plaintiff MARIA MENDEZ alleges that after she refused, Defendant EVAN R. SANTANA threw her onto the rear passenger seat.

193.    Plaintiff MARIA MENDEZ alleges that Defendant EVAN R. SANTANA forcibly removed her pants turned her over placing all of his weight on her body, then forced his penis into her vagina, performing a sex act until her ejaculated.

194.   Plaintiff MARIA MENDEZ alleges that in Winter 2017, while assigned a 911 assignment regarding an aided personal experiencing a mental episode, Defendant EVAN R. SANTANA responded.

195.   Plaintiff MARIA MENDEZ alleges that eventually the aided person was transported via ambulance by Defendant EVAN R. SANTANA and his partner to Harlem Hospital. Her partner rode in the ambulance.

196.   Plaintiff MARIA MENDEZ alleges that consistent with department policy, she drove to Harlem Hospital.

197.   Plaintiff MARIA MENDEZ alleges that while her partner was handling the aided assignment in the Emergency Room, Defendant EVAN R. SANTANA pushed her into the ambulance causing an injury to her right shin and locked the door.

198.   Plaintiff MARIA MENDEZ alleges that Defendant EVAN R. SANTANA told her "Give me that fucking pussy."

199.   Plaintiff MARIA MENDEZ alleges that Defendant EVAN R. SANTANA started tugging her duty belt to remove it.

200.   Plaintiff MARIA MENDEZ alleges that fortunately, another police officer just happened to be walking near the ambulance, she saw an opportunity then ran away.

**Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO and ASA G. BARNES'S Mental Abuse and Failure to Intervene [2009 – 2019] [Incidents Occurred On and Off Duty Throughout the Greater New York Area]**

### Defendant FILASTIN SROUR

201.   Plaintiff MARIA MENDEZ alleges that between Early 2016 through January 28, 2019, Defendant FILASTIN SROUR participated in a Group Chat with Defendant MICHAEL J. GANZ where he shared naked pictures and videos of her forced to perform oral, vaginal and anal

sex acts with him.

202.   Plaintiff MARIA MENDEZ alleges that instead of Defendant FILASTIN SROUR offering her support, reporting the sexual violence and mental abuse consistent with department policy, she participated in her mental abuse.

203.   Plaintiff MARIA MENDEZ alleges that in Mid-2017, she reported to Defendant FILASTIN SROUR that Defendants' RYAN A. MARRERO and MICHAEL J. GANZ are forcing her to perform oral, vaginal and anal sex acts upon them.

204.   Plaintiff MARIA MENDEZ alleges that instead of Defendant FILASTIN SROUR offering her support, reporting the allegations of sexual violence and mental abuse consistent with department policy, she called her a "slut."

205.   Plaintiff MARIA MENDEZ alleges that Defendant FILASTIN SROUR threatened, if she didn't stop making false allegations against good officers like Defendant MICHAEL J. GANZ, she'd be forced to take action against her.

206.   Plaintiff MARIA MENDEZ alleges that in March 2018, Defendant FILASTIN SROUR ensured that she was transferred out of Anti-Crime Unit and receive undesirable posts, poor performance evaluations, etc.

### Defendant JULIO E. CALLE

207.   Plaintiff MARIA MENDEZ alleges that from Late 2014 through January 28, 2019, while on-duty, Defendant JULIO E. CALLE subjected her to daily sexually offensive conduct.

208.   Plaintiff MARIA MENDEZ alleges that from Late 2014 through January 28, 2019, while on-duty, on more than one occasion inside of the Integrity Control Office, Defendant JULIO E. CALLE asked her to spoon feed him in bed because she's Dominican.

209. Plaintiff MARIA MENDEZ alleges that on another occasion, Defendant JULIO E. CALLE asked to suck her toes.

210. Plaintiff MARIA MENDEZ alleges that in August 2018, shockingly, Defendant JULIO E. CALLE offered to "protect her" from the sexual violence and mental abuse of Defendants' RYAN A. MARRERO and MICHAEL J. GANZ if she gave him sex.

211. Plaintiff MARIA MENDEZ alleges that instead of Defendant JULIO E. CALLE reporting the sexual violence and mental abuse consistent with department policy, he participated in her mental abuse.

### Defendant TANYA S. BENNETT

212. Plaintiff MARIA MENDEZ alleges that in August 2018, she reported Defendant JULIO E. CALLE'S sexually offensive conduct to Defendant TANYA S. BENNETT.

213. Plaintiff MARIA MENDEZ alleges that she also reported to Defendant TANYA S. BENNETT that she was forced to perform oral, vaginal, and anal sex acts for Defendants' RYAN A. MARRERO and MICHAEL J. GANZ.

214. Plaintiff MARIA MENDEZ alleges that instead of Defendant TANYA S. BENNETT offering her support, reporting the allegations of sexual violence and mental abuse consistent with department policy, she participated in her mental abuse referring her to the Police Organization Providing Peer Assistance (POPPA). The POPPA Program isn't designed to investigate alleged criminal, serious misconduct or sexual harassment.

215. Plaintiff MARIA MENDEZ alleges that when she called POPPA, the peer counselor a twenty-five-year detective instead of referring her to the NYPD Office of Equal Employment Opportunity and the Internal Affairs Bureau, he asked her inappropriate questions about her sex life.

### Defendant WILSON O. RAMOS

216.    Plaintiff MARIA MENDEZ alleges that between Early 2016 through January 28, 2019, Defendant WILSON O. RAMOS participated in a Group Chat with Defendant MICHAEL J. GANZ where he shared naked pictures and videos of her forced to perform oral, vaginal and anal sex acts with him.

217.    Plaintiff MARIA MENDEZ alleges that instead of Defendant WILSON O. RAMOS reporting the sexual violence and mental abuse consistent with department policy, he participated in her mental abuse.

### Defendant DANIEL M. MILLER

218.    Plaintiff MARIA MENDEZ alleges that between Early 2017 through January 28, 2019, Defendant DANIEL M. MILLER participated in a Group Chat with Defendant MICHAEL J. GANZ where he shared naked pictures and videos of her forced to perform oral, vaginal and anal sex acts with him.

219.    Plaintiff MARIA MENDEZ alleges that instead of Defendant DANIEL M. MILLER reporting the sexual violence and mental abuse consistent with department policy, he participated in her mental abuse.

220.    Plaintiff MARIA MENDEZ alleges that from Late 2016 through January 28, 2019, Defendant DANIEL M. MILLER created the opportunity for Defendant MICHAEL J. GANZ to subject her to sexual violence and mental abuse inside and outside of department facilities and equipment.

221.    Plaintiff MARIA MENDEZ alleges that from Late 2016 through January 28, 2019, Defendant DANIEL M. MILLER provided Defendant MICHAEL J. GANZ with the keys to gain unauthorized access to the Neighborhood Coordination Office, Special Operations

Lieutenant's Office, and other locations where he forced her to perform oral, vaginal and anal sex acts with him.

**Defendant ALFRED J. GALLICCHIO**

222.    Plaintiff MARIA MENDEZ alleges that between Early 2017 through January 28, 2019, Defendant ALFRED J. GALLICCHIO participated in a Group Chat with Defendant MICHAEL J. GANZ where he shared naked pictures and videos of her forced to perform oral, vaginal and anal sex acts with him.

223.    Plaintiff MARIA MENDEZ alleges that instead of Defendant ALFRED J. GALLICCHIO reporting the sexual violence and mental abuse consistent with department policy, he participated in her mental abuse.

224.    Plaintiff MARIA MENDEZ alleges that from Early 2009 through January 28, 2019, Defendant ALFRED J. GALLICCHIO subjected her to daily sexually offensive conduct.

225.    Plaintiff MARIA MENDEZ alleges that while assigned to the Conditions Unit, on more than one occasion, asked her to perform threesomes.

226.    Plaintiff MARIA MENDEZ alleges that while assigned to the Conditions Unit, on more than one occasion, while on patrol with her he would sexually offensive comments about Latina female citizens, i.e. hot Latinas, they're strippers, the pussy juice is so good, etc.

227.    Plaintiff MARIA MENDEZ alleges that while assigned to the Conditions Unit, Defendant ALFRED J. GALLICCHIO constantly walked in on then Sergeant Rebecca C. Bukofzert-Tavares and take pictures of her while she was expressing milk, or tell other male officers so they can see watch her expressing milk into storage containers.

228.    Plaintiff MARIA MENDEZ alleges that in Mid-2012, Defendant ALFRED J. GALLICCHIO dared Detective Third Grade Richard A. Pengel to steal Sergeant Bukofzert-

38

Tavares's milk, then drink it.

229.    Plaintiff MARIA MENDEZ alleges that Detective Third Grade Richard A. Pengel accepted Defendant ALFRED J. GALLICCHIO'S dare, stole then drank Sergeant Bukofzert-Tavares's milk.

230.    Plaintiff MARIA MENDEZ alleges that from Early 2009 through January 28, 2019, on more than one occasion, Defendant ALFRED J. GALLICCHIO made the following sexually offensive comments: he asked, "Do you Spanish people just spit the baby out on the welfare line so they can be automatically registered for WIC?;" "Now that you're pregnant, you can fuck all day and not worry about getting pregnant;" "If I fuck you it's ok because you can't get pregnant if you are already pregnant;" "I'll lick your pussy all day;" "Mm let me drink the pussy juice;" "Latin sluts are my weakness;" "I'm not racist because I have a Spanish girlfriend;" "I'll lick your pussy all day" and many others.

231.    Plaintiff MARIA MENDEZ alleges that between Early 2009 through January 28, 2019, on several occasions, Defendant ALFRED J. GALLICCHIO rubbed his penis on her buttocks as she passed the Desk Officer's area.

232.    Plaintiff MARIA MENDEZ alleges that Defendant ALFRED J. GALLICCHIO as a union delegate, wields a lot of influence in the command and is the main catalyst encouraging sexual violence and mental abuse of she and other females.

### Defendant ASA G. BARNES

233.    Plaintiff MARIA MENDEZ alleges that between Early 2016 through January 28, 2019, Defendant ASA G. BARNES participated in a Group Chat with Defendant MICHAEL J. GANZ where he shared naked pictures and videos of her forced to perform oral, vaginal and anal sex acts with him.

234.    Plaintiff MARIA MENDEZ alleges that instead of Defendant ASA G. BARNES reporting the sexual violence and mental abuse consistent with department policy, he participated in her mental abuse.

### The Final Straw – Resignation

235.    Plaintiff MARIA MENDEZ alleges that seeing no way out of this cycle of sexual violence and mental abuse, and lack of supervisor support, on January 28, 2019, she resigned walking away from her lucrative career along with substantial pay, promotional opportunities, medical and retirement benefits.

### The Joint Criminal and Civil Investigation [2019 – 2021]

236.    Plaintiff MARIA MENDEZ alleges that after developing the courage, on or about June 25, 2019, she filed a complaint with the United States Equal Employment Opportunity Commission and New York City Comptroller's Office.

237.    Plaintiff MARIA MENDEZ alleges that on or about July 15, 2019, she decided to grant an interview with the New York Daily News to raise public awareness regarding the sexual violence and mental abuse she endured as a police officer.

238.    Plaintiff MARIA MENDEZ alleges that on or about July 16, 2019, Sergeant Christopher Torrissi, NYPD Internal Affairs Bureau Group No.: 10, requesting an interview to take place at the Office of the Manhattan District Attorney's Office, Sex Crimes Unit.

239.    Plaintiff MARIA MENDEZ alleges that she granted the interview.

240.    Plaintiff MARIA MENDEZ alleges that on or about July 18, 2019, along with counsel, she met with prosecutors assigned to the Office of the Manhattan District Attorney's Office, Sex Crimes Unit.

241.    Plaintiff MARIA MENDEZ alleges that also present were members of the DA

Squad, NYPD Internal Affairs Bureau and Special Victims.

242.    Plaintiff MARIA MENDEZ alleges that the interview occurred over 6 ½ hours where she detailed some of the sexual violence and mental abuse she endured as a police officer at the hands of Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES and EVAN R. SANTANA and others.

243.    Plaintiff MARIA MENDEZ alleges that before commencing the interview, she turned over several mobile devices to the Manhattan District Attorney's Office in support of her allegations of sexual violence and mental abuse she endured as a police officer at the hands of Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES and EVAN R. SANTANA.

244.    Plaintiff MARIA MENDEZ alleges that before commencing the interview, she turned more than twenty Activity Logs to the Internal Affairs Bureau in support of her allegations of sexual violence and mental abuse she endured as a police officer at the hands of Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES and EVAN R. SANTANA.

245.    Plaintiff MARIA MENDEZ alleges that before commencing the interview, she turned over more than one hundred pairs of "soiled" underwear in support of her allegations of sexual violence and mental abuse she endured as a police officer at the hands of Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES and EVAN R. SANTANA.

246.    Plaintiff MARIA MENDEZ alleges that before commencing the interview, she consented to submitting a DNA Sample to the NYPD for analysis.

247.    Plaintiff MARIA MENDEZ alleges that after the interview through counsel, she

provided access to a Dropbox Virtual Folder for prosecutors with the Office of the Manhattan

District Attorney's Office, Sex Crimes Unit, members of the DA Squad, NYPD Internal Affairs

Bureau and Special Victims to access bank and other financial transactions, text messages,

pictures of her bruises and contusions, nude pictures, and other documents in support of her

allegations of sexual violence and mental abuse she endured as a police officer at the hands of

Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES and EVAN

R. SANTANA.

248.    Plaintiff MARIA MENDEZ alleges that on or about March 10, 2020, through

counsel, she received notice from the Office of the Manhattan District Attorney's Office, Sex

Crimes Unit declining the prosecution claiming they cannot prove beyond a reasonable doubt

that a crime has occurred.

249.    Plaintiff MARIA MENDEZ alleges that to this date she doesn't know that status

of the internal affairs investigation.

### Medical Treatment for Sexual Violence and Mental Abuse [2015 – 2021]

250.    Plaintiff MARIA MENDEZ alleges that from March 2015 through the present,

she has received treatment for sexual violence, i.e. bruise, contusions and substantial pain about

the body, syphilis (in 2015 related to Defendant RYAN A. MARRERO and 2016 related to

Defendant EVAN R. SANTANA) and other related sexually transmitted conditions, damage to

her bladder, the inside and outside of her vagina and anus related to the sexual violence she

endured as a police officer at the hands of Defendants' RYAN A. MARRERO; MICHAEL J.

GANZ; JIMMY D. GUTIERRES and EVAN R. SANTANA.

251.    Plaintiff MARIA MENDEZ alleges that on or about March 2019, she attempted

suicide and admitted to an area hospital in response to the sexual violence and mental abuse she

endured as a police officer at the hands of Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA and others.

252. Plaintiff MARIA MENDEZ alleges that shortly thereafter she began receiving mental health treatment related to the sexual violence and mental abuse she endured as a police officer at the hands of Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA and others.

253. Plaintiff MARIA MENDEZ alleges that in January 2020, she received a medical diagnosis regarding her persistent vaginal and anal pain and incontinence.

254. Plaintiff MARIA MENDEZ alleges that on or about March 2, 2021, she had her bladder, vagina and anus surgically repaired.

255. Plaintiff MARIA MENDEZ alleges that to this day, she's still physically and mentally recovering.

### Social Security Benefits

256. Plaintiff MARIA MENDEZ alleges that on or about March 19, 2020, she filed an application for social security benefits with the Social Security Administration.

257. Plaintiff MARIA MENDEZ alleges that all of her claims related to the sexual violence and mental abuse she endured as a police officer at the hands of Defendants' THE CITY

OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA and others.

258.   Plaintiff MARIA MENDEZ alleges that on or about March 26, 2021, she received a Fully Favorable Decision.

259.   Plaintiff MARIA MENDEZ alleges that the Agency determined among other things that:

> The claimant has the following severe impairments: labral tear and impingement syndrome of the left shoulder, degenerative disc disease of the lumbar spine and radiculopathy per EMG, anxiety disorder, depressive disorder, and posttraumatic stress disorder, hereinafter "PTSD" (20 CFR 404.1520(c)).

> The claimant has moderate limitations in her ability to interact with the public, be aware of hazards, and set goals. She has marked limitations in her ability to travel to unfamiliar places and extreme limitations in her ability to sustain a work routine and tolerate stress. The claimant "sustained significant trauma and abuse" and has severe symptoms consistent with PTSD that include anxiety, hypervigilance, mistrust of others, flashbacks, and intrusive memories.

> The undersigned finds that Ms. Markouizos's opinion is highly persuasive, as it is supported by her treatment notes and consistent with the remaining medical evidence. The claimant's treatment records from various providers document her reports of sexual and physical abuse. She pursued care with her gynecologist for incontinence and vaginal pain that resulted from injuries sustained during her sexual abuse. The claimant was ultimately recommended for vaginal reconstruction. The claimant's treatment records also document her to begin mental health treatment in July of 2019. Her diagnosed impairments include PTSD, anxiety disorder, and depressive disorder. The claimant's treatment notes accredit her reported symptoms to years of sexual and physical abuse that occurred during her employment as a police office. Exhibits 5F and 7F/2. The claimant's ongoing mental health symptoms and minimal improvement despite her years of treatment support.

260.   Plaintiff MARIA MENDEZ alleges that the onset date of the disability is January 28, 2019.

**City Defendants' Are Liable for the Sexual Violence And Mental Abuse**

261.    Plaintiff MARIA MENDEZ alleges the Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA are liable for the sexual violence and mental abuse she experienced as a police officer.

## VIOLATIONS AND CLAIMS ALLEGED
### COUNT I
### GENDER DISCRIMINATION
### IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

262.    Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 261 and incorporates them by reference as Paragraphs 1 through 261 of Count I of this Complaint.

263.    Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK through its agents engaged in a pattern and practice of gender discrimination against her with respect to the terms, conditions and privileges of employment because of her gender.

264.    Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK knew or should have known about gender discrimination in the workplace because of their prior history of discriminatory conduct.

265.    Plaintiff MARIA MENDEZ alleges that the discriminatory acts of Defendant THE CITY OF NEW YORK she caused her to experience incalculable sexual violence and mental abuse.

266.    Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK acted in an outrageous and systematic pattern of oppression, bad faith and cover-up, from in or around Early 2009 through January 28, 2019.

267.     Plaintiff MARIA MENDEZ alleges that the acts of Defendant THE CITY OF

NEW YORK under color of law caused her to incur significant legal costs, she sustained

substantial physical, psychological and economic damages.

## COUNT II
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

268.     Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 267 and incorporates

them by reference as Paragraphs 1 through 267 of Count II of this Complaint.

269.     Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK

engaged in various severe and hostile actions towards her due to her gender.

270.     Plaintiff MARIA MENDEZ alleges that the severe and hostile acts of the

Defendant THE CITY OF NEW YORK CITY caused her to incur significant legal costs, she

sustained substantial physical, psychological and economic damages.

## COUNT III
## GENDER DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

271.     Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 270 and incorporates

them by reference as Paragraphs 1 through 270 of Count III of this Complaint.

272.     Plaintiff MARIA MENDEZ alleges that Defendants' FILASTIN SROUR; JULIO

E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J.

GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO;

RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R.

SANTANA acted in an outrageous and systematic pattern of gender discrimination, oppression,

bad faith and cover-up, directed at her from in or Early 2009 through January 28, 2019.

273.     Plaintiff MARIA MENDEZ alleges that Defendants' FILASTIN SROUR; JULIO

E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J.

GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO;

RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R.

SANTANA caused her to incur significant legal costs, she sustained substantial physical,

psychological and economic damages.

**COUNT IV**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

274.    Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 273 and incorporates

them by reference as Paragraphs 1 through 273 of Count IV of this Complaint.

275.    Plaintiff MARIA MENDEZ alleges that Defendants' FILASTIN SROUR; JULIO

E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J.

GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO;

RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R.

SANTANA acted in an outrageous and systematic pattern of gender discrimination, hostility,

oppression, bad faith and cover-up, directed at her from in or around Early 2009 through January

28, 2019.

276.    Plaintiff MARIA MENDEZ alleges that Defendants' FILASTIN SROUR; JULIO

E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J.

GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO;

RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R.

SANTANA caused her to incur significant legal costs, she sustained substantial physical,

psychological and economic damages.

## COUNT V
## MONELL CLAIM
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

277.   Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 276 and incorporates them by reference as Paragraphs 1 through 276 of Count V of this Complaint.

278.   Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK through its agents caused her injuries.

279.   Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK actions of implementing 'official and un-official' policies of supporting gender discrimination, related claims under color of law.

280.   Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK through its agents deprived her of constitutional and statutory rights.

281.   Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK through its agent's actions caused her injuries.

282.   Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK through its agents caused her to incur significant legal costs, she sustained substantial physical, psychological and economic damages.

## COUNT VI
## NEGLIGENT HIRING
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

283.   Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 282 and incorporates them by reference as Paragraphs 1 through 282 of Count VI of this Complaint.

284.   Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK through its agents deprived her of constitutional and statutory rights by hiring, retaining and

promoting Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT;

WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES;

RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J.

GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA.

285.    Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK

through its agent's decision to hire, retain and promote Defendants' FILASTIN SROUR; JULIO

E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J.

GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO;

RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R.

SANTANA reflects a deliberate indifference to the risk that a violation of a constitutional or

statutory right would follow.

286.    Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK

through its agent decided to hire, retain and promote Defendants' FILASTIN SROUR; JULIO E.

CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J.

GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO;

RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R.

SANTANA caused her to incur significant legal costs, she sustained substantial physical,

psychological and economic damages.

**COUNT VII**
**NEGLIGENT TRAINING**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

287.    Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 286 and incorporates

them by reference as Paragraphs 1 through 286 of Count VII of this Complaint.

288.    Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK

through its agents knows to a moral certainty that its employees will confront a given situation.

289. Plaintiff MARIA MENDEZ alleges the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees mishandling the situation.

290. Plaintiff MARIA MENDEZ alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

291. Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK through its agents' failure to adequately train Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA regarding gender discrimination, caused her to incur significant legal costs, she sustained substantial physical, psychological and economic damages.

## COUNT VIII
## NEGLIGENT SUPERVISION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

292. Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 291 and incorporates them by reference as Paragraphs 1 through 291 of Count VIII of this Complaint.

293. Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK through its agents knows to a moral certainty that its employees will confront a given situation.

294. Plaintiff MARIA MENDEZ alleges that the situation presents the employee with a difficult choice of the sort either that training will make less difficult or that there is a history of employees mishandling the situation.

295. Plaintiff MARIA MENDEZ alleges that mishandling those situations will

frequently cause the deprivation of a citizen's constitutional rights.

296.    Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK

through its agents' failure to supervise Defendants' FILASTIN SROUR; JULIO E. CALLE;

TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J.

GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO;

RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R.

SANTANA caused her to incur significant legal costs, she sustained substantial physical,

psychological and economic damages.

**COUNT IX**
**FAILURE TO INTERVENE**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

297.    Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 296 and incorporates

them by reference as Paragraphs 1 through 296 of Count IX of this Complaint.

298.    Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK

through its agents Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT;

WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES;

RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J.

GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA deprived her of constitutional and

statutory rights by failing to intervene causing her to experience sexual violence and mental

abuse.

299.    Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK

through its agents Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT;

WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES;

RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J.

GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S failure to intervene reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

300. Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK through its agents' Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S failure to intervene caused her to incur significant legal costs, she sustained substantial physical, psychological and economic damages.

## COUNT X
## FAILURE TO DISCIPLINE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

301. Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 300 and incorporates them by reference as Paragraphs 1 through 300 of Count X of this Complaint.

302. Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK through its agents deprived her of constitutional and statutory rights by failing to discipline Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA and other employees.

303. Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK through its agents' failure to discipline Defendants' FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J.

GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO;

RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R.

SANTANA and other employees reflects a deliberate indifference to the risk that a violation of a

constitutional or statutory right would follow.

304.    Plaintiff MARIA MENDEZ alleges that Defendant THE CITY OF NEW YORK

through its agents' failure to discipline Defendants' FILASTIN SROUR; JULIO E. CALLE;

TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J.

GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO;

RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R.

SANTANA caused her to incur significant legal costs, she sustained substantial physical,

psychological and economic damages.

**COUNT XI**
**GENDER DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

305.    Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 304 and incorporates

them by reference as Paragraphs 1 through 304 of Count XI of this Complaint.

306.    Plaintiff MARIA MENDEZ alleges that New York State Executive Law § 296,

makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of

employment because of their gender.

307.    Plaintiff MARIA MENDEZ alleges that Defendants' THE CITY OF NEW

YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS;

DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO;

PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D.

GUTIERRES; and EVAN R. SANTANA discriminated against her because of her gender.

308.    Plaintiff MARIA MENDEZ alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA, she suffered the indignity of gender discrimination and great humiliation.

309.    Plaintiff MARIA MENDEZ alleges that Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S violations caused her to incur significant legal costs, she sustained substantial physical, psychological and economic damages.

## COUNT XII
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

310.    Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 309 and incorporates them by reference as Paragraphs 1 through 309 of Count XII of this Complaint.

311.    Plaintiff MARIA MENDEZ alleges that New York State Executive Law § 296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

312.    Plaintiff MARIA MENDEZ alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

313.    Plaintiff MARIA MENDEZ alleges Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS;

DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA engaged in various hostile actions against her based upon her gender.

314.  Plaintiff MARIA MENDEZ alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S, she experienced substantial sexual violence and mental abuse.

315.  Plaintiff MARIA MENDEZ alleges that Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S violations caused her to incur significant legal costs, she sustained substantial physical, psychological and economic damages.

**COUNT XIII**
**GENDER DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

316.  Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 315 and incorporates them by reference as Paragraphs 1 through 315 of Count XIII of this Complaint.

317.  Plaintiff MARIA MENDEZ alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment because of their gender.

318.    Plaintiff MARIA MENDEZ alleges that Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA discriminated against her because of her gender.

319.    Plaintiff MARIA MENDEZ alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA, she suffered the indignity of gender discrimination and great humiliation.

320.    Plaintiff MARIA MENDEZ alleges that Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S violations caused her to incur significant legal costs, she sustained substantial physical, psychological and economic damages.

## COUNT XIV
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

321.    Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 320 and incorporates them by reference as Paragraphs 1 through 320 of Count XIV of this Complaint.

322.    Plaintiff MARIA MENDEZ alleges that New York City Administrative Code § 8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or

privileges of employment because of their gender.

323.     Plaintiff MARIA MENDEZ alleges that the law also makes it unlawful to create an atmosphere where hostilities are encouraged and/or tolerated.

324.     Plaintiff MARIA MENDEZ alleges that Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA engaged in various hostile actions against her.

325.     Plaintiff MARIA MENDEZ alleges that as a direct and proximate result of the unlawful employment practices of Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA, she suffered the indignity of gender discrimination.

326.     Plaintiff MARIA MENDEZ alleges that Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S violations caused her to incur significant legal costs, she sustained substantial physical, psychological and economic damages.

### COUNT XV
### CIVIL ACTION BY VICTIM OF CRIME OF VIOLENCE MOTIVATED BY GENDER IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-901

327.     Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 326 and incorporates

them by reference as Paragraphs 1 through 326 of Count XV of this Complaint.

328.    Plaintiff MARIA MENDEZ alleges that Defendants' RYAN A. MARRERO;

MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S conduct as alleged

above constituted Rape in the First Degree as defined in New York Penal Law § 130.35 because

they engaged in sexual intercourse with her by forcible compulsion and/or when she was

physically helpless.

328.    Plaintiff MARIA MENDEZ alleges that Defendants' RYAN A. MARRERO;

MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S conduct as alleged

above constituted Criminal Sexual Act in the First Degree as defined in New York Penal Law §

130.50 because they engaged in oral and anal sex acts with her by forcible compulsion and/or

when she was physically helpless.

329.    Plaintiff MARIA MENDEZ alleges that as a direct and proximate result of

Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and

EVAN R. SANTANA'S sexual intercourse, oral and anal sex acts with her as alleged herein, she

sustained substantial physical, psychological and economic damages.

330.    Plaintiff MARIA MENDEZ alleges that pursuant to New York City

Administrative Code § 8-901, Defendants' RYAN A. MARRERO; MICHAEL J. GANZ;

JIMMY D. GUTIERRES; and EVAN R. SANTANA engaged in "crimes of violence."

331.    Plaintiff MARIA MENDEZ alleges that pursuant to New York City

Administrative Code § 8-901, Defendants' RYAN A. MARRERO; MICHAEL J. GANZ;

JIMMY D. GUTIERRES; and EVAN R. SANTANA'S sexual contact with her was "motivated

by gender."

332.     Plaintiff MARIA MENDEZ alleges that pursuant to New York City Administrative Code § 8-901, Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA are civilly liable to her for physical, psychological and economic damages in an amount to be determined at trial for violating the aforementioned sections and others of the N.Y. Penal Law.

333.     Plaintiff MARIA MENDEZ alleges that Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S despicable sexual contact with her was "egregious," committed with malice and in total disregard of the rights, safety and welfare of Plaintiff MARIA MENDEZ, thereby justifying the award of punitive damages.

**COUNT XVI**
**CIVIL ACTION BY VICTIM OF CONDUCT CONSTITUTING SEXUAL OFFENSE**
**IN VIOLATION OF**
**NEW YORK CIVIL PRACTICE LAW AND RULES § 213-c**

334.     Plaintiff MARIA MENDEZ re-alleges Paragraphs 1 through 333 and incorporates them by reference as Paragraphs 1 through 333 of Count XVI of this Complaint.

335.     Plaintiff MARIA MENDEZ alleges that Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S conduct as alleged above constituted Rape in the First Degree as defined in New York Penal Law § 130.35 because they engaged in sexual intercourse with her by forcible compulsion and/or when she was physically helpless.

336.     Plaintiff MARIA MENDEZ alleges that Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S conduct as alleged above constituted Criminal Sexual Act in the First Degree as defined in New York Penal Law §

130.50 because they engaged in oral and anal sex acts with her by forcible compulsion and/or when she was physically helpless.

337.    Plaintiff MARIA MENDEZ alleges that as a direct and proximate result of Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S sexual intercourse, oral and anal sex acts with her as alleged herein, she sustained substantial physical, psychological and economic damages.

338.    Plaintiff MARIA MENDEZ alleges that pursuant to CPLR 213-c, Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA are civilly liable to her for physical, psychological and economic damages in an amount to be determined at trial for violating the aforementioned sections and others of the N.Y. Penal Law.

339.    Plaintiff MARIA MENDEZ alleges that Defendants' RYAN A. MARRERO; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA'S despicable sexual contact with her was "egregious," committed with malice and in total disregard of the rights, safety and welfare of Plaintiff MARIA MENDEZ, thereby justifying the award of punitive damages.

## JURY TRIAL

340.    Plaintiff MARIA MENDEZ demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff MARIA MENDEZ demands compensatory and punitive damages from Defendants' THE CITY OF NEW YORK; FILASTIN SROUR; JULIO E. CALLE; TANYA S. BENNETT; WILSON O. RAMOS; DANIEL M. MILLER; ALFRED J. GALLICCHIO; ASA G. BARNES; RYAN A. MARRERO; PETER G. MONTALBANO; RISEL V. MARTINEZ; MICHAEL J. GANZ; JIMMY D. GUTIERRES; and EVAN R. SANTANA including other available statutory remedies, both legal and equitable, interests and costs.

Dated: June 15, 2021
      New York, N.Y.

                    Respectfully submitted,

By:                 _____
                  Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com